JENNINGS & FLEMING, Appellants, v. RUSSELL BROS., Respondents.

Kansas City Court of Appeals, December 7, 1891.

Partnership: MEMBERSHIP: PLEADING: ISSUE: INSTRUCTION. The pleadings presented the issue, whether Joseph was a member of the firm of R. Bros.   The court instructed the jury that there was no evidence that Joseph was ever a partner of John.   *Held*, error, as the question, whether he was a partner of John, was under the pleadings immaterial.

*Appeal from the Grundy Circuit Court.*—HON. C. H. S. GOODMAN, Judge.

REVERSED AND REMANDED.

*Geo. Hall,* for appellants.

(1) In all actions founded on contract and insti-
tuted against several defendants, the plaintiff shall not
be nonsuited by reason of his failure to prove that all of
the defendants are parties to the contract, but may
have judgment against such of them as he shall prove
to be parties thereto. R. S. 1889, secs. 2069, 2207, 2387 ;
*Crews v. Lackland,* 67 Mo. 619 ; *Finney v. Allen,* 7 Mo. 416.
(2) When several are sued as partners and part only
are found to be liable, judgment may be rendered
against them, and for the others not found to be liable.
2 Bates on Partnership, sec. 1094, and note ; R. S. 1889,
sec. 2387 ; *Johnson v. Green,* 4 Porter ( Ala.) 126 ; *Brug-
mon v. McGuire,* 32 Ark. 733 ; *Stoddard v. Van Dyke,* 12
Cal. 437 ; *Francis v. Dechel,* 68 Ga. 255 ; *Kerby v. Con-
nor,* 9 Ind. 271 ; *Pollack v. Gozier,* 20 Ind. 262 ; *Pool v.
Hintrager,* 60 Ia. 180 ; *Silver v. Foster,* 9 Kan. 56 ; *Wil-
liams v. Rogers,* 4 Bush, 776 ; *Cutts v. Haynes,* 41 Me.
560 ; *Turner v. Bissell,* 14 Pick. 191 ; *Roberts v. Pepple,*
55 Mich. 367 ; *Town v. Washburn,* 14 Minn. 268 ; *Finney
v. Allen,* 7 Mo. 416 ; *Crews v. Lackland,* 67 Mo. 619 ;
*Wells, Fargo & Co. v. Clarkson,* 5 Mon. 336 ; *McCann
v. McDonald,* 7 Neb. 305 ; *Parker v. Jackson,* 16 Bob.
33 ; *Ah Lep v. Gong Chry,* 13 Ore. 205 ; *Bull v.
Lambson,* 5 S. C. 288 ; *Willis v. Moonis,* 44 Tex. 27 ;
*Brown v. Pichoud,* 9 Pac. Rep. ( Utah ) 573 ; *Sherman
v. Kreul,* 42 Wis. 33–40. (3) In order to release a
retiring partner from further liability for the firm debts
the creditor must have notice of the dissolution or
change in the firm. *Dowzelet v. Rawlings,* 58 Mo. 75 ;
*Castello v. Nixdorf,* 9 Mo. App. 501.

*Luther Collier* with *Harber & Knight,* for respond-
ents.

(1) The appellant could not ( as he seeks ) have
judgment against Joseph Russell, the retiring member

of the firm of Russell Bros., and also against John Russell, his successor. 1 Bates on Partnership, sec. 109, Vol. 2, sec. 626; *Scarf v. Jardine*, L. R. 7 App. Cases, 345. ( 2 ) If Joseph Russell, who had retired from the firm prior to the contracting of appellants' debt, was liable to appellants, it was by reason of his having previously been a member of the firm of Russell Bros., and having failed to give notice of his retiring; and if such was the fact under proper pleadings the appellants might have held Joseph, but they could not hold Joseph, the retiring member, and also John, the incoming partner; they had to elect which they would hold, and having elected, as they did, to hold John the demurrer was properly given. Authorities above cited ; *Hahlo v. Mayer*, 102 Mo. 93. ( 3 ) Joseph Russell being neither a party to the contract sued on, or a member of the partnership alleged in plaintiff's petition, section 2069 of statutes of 1889 did not authorize a recovery against him, and as to him, he being neither a member of said firm or a party to the contract declared upon, the demurrer was properly given. *Crews v. Lackland*, 67 Mo. 619, and other cases cited by appellants.

SMITH, P. J.—Plaintiffs, partners, sued defendants as partners on an account for goods sold and delivered by the former to the latter. The defendant, Joseph A. Russell, filed a separate answer, wherein he denied that at the time alleged in the petition, or prior or since, he and the other defendants named were partners engaged in business of any kind under the name and style of Russell Bros., and denied the indebtedness alleged by plaintiffs. The other defendants did not answer. The issue thus made was as to whether the defendant, Joseph A. Russell, was a member of the firm of Russell Bros. at the time of the sale of the goods. The undisputed evidence is that he then was. It is true there is evidence

from which it appears that he sold out his interest in the firm to his brother, John Russell, but it also conclusively shows that there was no notice given of the dissolution, until January 15, 1890, which was more than a month after the last item in plaintiffs' account had accrued. The evidence further shows that the plaintiffs had no knowledge, whatever, of the fact that there had been any change in the membership of the firm of Russell Bros. even if such change had been effected at a time prior to the date of the published notice of the dissolution.

Whether the defendant, John Russell, was a member of the firm at the time of the purchase of the plaintiffs' goods, was immaterial, since he does not complain of being charged by the plaintiff as such. The fact remains indubitably established by the evidence that Joseph A. Russell was such partner at least as to the plaintiffs, who had no notice of his retirement from the firm. The question under the pleadings was, whether the defendant, Joseph A. Russell, was a member of the firm of Russell Bros. at the time the plaintiffs sold and delivered to it the goods mentioned in the account sued on. As to whether John Russell was a member of the firm, was not an issue under the pleadings.

The court undoubtedly erred in instructing the jury to the effect that there was no testimony to show that defendant, Joseph A. Russell, was ever a partner of defendant, John Russell, and, therefore, the plaintiffs could not recover. The plaintiffs' right to recover did not depend upon the fact whether the defendant, Joseph A. Russell, was a partner of John Russell or not. The hypothesis of this instruction was faulty. The issue which the pleadings made, and which the jury should have been required to determine, was, whether the defendant, Joseph A. Russell, was a partner of the firm of Russell Bros. when the goods were purchased of the plaintiff. If the jury should have found that the defendant, Joseph A. Russell, was, and that John Russell was

not, a partner in said firm at the time the firm contracted the debt, the verdict should have been for plaintiffs against Joseph A. Russell. This ruling under the pleading and evidence of the case, is no invasion of the rule laid down in 2 Bates on Partnership, 626.

Judgment of the circuit court must be reversed, and cause remanded. All concur.